MALCOLM FARMER

*v.*

STATE OF TENNESSEE.

(*Nashville*, December Term, 1960.)

Opinion filed March 10, 1961.

PAUL D. WELKER, Clarksville, for Malcolm Farmer.

WALKER TIPTON, Assistant Attorney General, for State.

MR. JUSTICE FELTS delivered the opinion of the Court.

This is an appeal in error from a conviction of driving an automobile on a public highway while under the influence of an intoxicant. T.C.A. sec. 59-1031. It is urged the evidence preponderates against the finding of guilt and in favor of the innocence of plaintiff in error.

Evidence for the State was that on February 10, 1960, about 3:20 A.M., State Trooper James Wall saw standing on the side of the highway (U.S. 41A) an automobile, its front partly in the ditch and its rear extending about a foot over the surface of the road right-of-way. On investigation it proved to be plaintiff in error's car, and he was in it, drunk, asleep at the wheel. The key was in the ignition but was turned off. The clutch was broken so the car could not move by its own power.

The officer had the car towed in to a garage, and arrested plaintiff in error, took him to jail, and brought this

charge against him of driving while drunk. He did not see him driving the car and had no direct knowledge of his having driven it. Such was the evidence for the State. Plaintiff in error offered no evidence.

He insists that the evidence failed to make out a case of driving while drunk; that, instead, it showed he was not driving but the car was standing still; and that "driving," within the sense of the statute (59-1031) prohibiting the driving of a motor vehicle while under the influence of intoxicating liquor or narcotic drugs, means such vehicle must be moving on a public highway or street.

He relies on *Line v. State,* 191 Tenn. 380, 234 S.W.2d 818, 819. Line was convicted on a charge of manslaughter by "operating and driving" a car on a highway while under the influence of an intoxicant. The proof, however, was that he was sitting in his car standing in the highway, trying to get its motor started, when struck from the rear by deceased's car. It was held that this variance of the proof from the charge required a reversal; that "operating and driving," within the purview of the statute, meant the car must be moving, not standing, on the road.

Though not driving at the moment of the collision, he was *"driving"* till his motor stopped a few minutes before, and it might well have been said this was a "driving" which would support the charge. Indeed, such a view was taken on similar facts by the author of the Line opinion in his concurring opinion in the later case of *Bradam v. State,* 191 Tenn. 626, 632, 235 S.W.2d 801, 803.

Referring to this in a later case, Mr. Justice Burnett pointed out that "the Bradam case weakens, to a great

extent, what was said in the Line case." *Hester v. State,*
196 Tenn. 680, 683, 270 S.W.2d 321, 322, 47 A.L.R.2d 568.

In *Hopson v. State,* 201 Tenn. 337, 299 S.W.2d 11, we
affirmed a conviction of driving under the influence of an
intoxicant, though no one saw the car in motion or the
accused driving it; such driving being proved by cir-
cumstantial evidence; that the car crashed into garbage
cans and stopped near the street; the accused alighting,
intoxicated, said she was driving; and wheel tracks led
from the car back to the street.

After discussing the Hopson case and its circumstances
warranting a conclusion of guilt, the Assistant Attorney
General, with commendable candor, says: "The State
feels that to attempt to reach the same conclusion from
the set of facts in the present case would be leaving en-
tirely too much to conjecture when dealing with the
liberties of an individual."

■ The Court, however, is unable to share this view of
the evidence. It is true no man is to be deprived of his
rights upon conjecture; and it is often difficult to draw
the line between conjecture and legitimate inference.
The test is furnished not by law but by logic and common
experience; and it is satisfied when the basic facts proved
warrant the conclusion that the ultimate fact or propo-
sition in issue asserted by the proponent is the more
probable hypothesis. *Bryan v. Aetna Life Ins. Co.,* 174
Tenn. 602, 609-610, 130 S.W.2d 85; *Law v. Louisville &
N. R. Co.,* 179 Tenn. 687, 696-699, 170 S.W.2d 360.

■ It is true a greater degree of proof is required in
a criminal case than in a civil case; that in the later a
preponderance suffices, while in the former guilt must be
proved beyond a reasonable doubt; that is, the circum-
stances must exclude every other reasonable hypothesis

than that of guilt. That is a rule for the Trial Court. *Bryan v. Aetna Life Ins. Co.,* supra.

■ In the case before us, we think the circumstances warranted the trier of fact in inferring guilt beyond a reasonable doubt. The car was found on the road after midnight; it was plaintiff in error's car; he was in it, drunk and asleep at the wheel; it must have been driven on the road to the point where it was found; in the absence of anything to suggest that this might have been done by someone else, it is reasonable to infer that it was done by plaintiff in error; and, in view of his intoxication, that it was done under the influence of the intoxicant.

■ The rule for review here differs from that on the trial below. There, the accused was presumed innocent; but the judgment and finding of guilt displaced the presumption of innocence, raised a presumption of guilt, and put upon plaintiff in error here the burden of showing the evidence preponderates against guilt and in favor of his innocence. *Mahon v. State,* 127 Tenn. 535, 548, 156 S.W. 458; *Ivy v. State,* 197 Tenn. 650, 652, 277 S.W.2d 363; *Smith v. State,* 205 Tenn. 502, 327 S.W.2d 308, 317.

■ The rule governing our review of the facts is the same whether the finding of guilt is based on testimonial or on circumstantial evidence. *Ford v. State,* 184 Tenn. 443, 450, 201 S.W.2d 539; *Chadwick v. State,* 189 Tenn. 256, 259, 225 S.W.2d 52; *Liakas v. State,* 199 Tenn. 298, 305, 286 S.W.2d 856.

Upon such a review, we think that plaintiff in error has failed to show that the evidence preponderates against the finding of guilt and in favor of his innocence. The assignment of error is overruled and the judgment below is affirmed.

Affirmed.