IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 11, 2001 Session

### STATE OF TENNESSEE v. RANDALL TAYLOR

**Direct Appeal from the Circuit Court for Franklin County**
**No. 13163     Thomas W. Graham, Judge**

---

**No. M2001-00018-CCA-R3-CD - Filed April 29, 2002**

Defendant contends there was insufficient evidence to support the conviction for driving on a revoked license. We disagree and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Philip A. Condra, District Public Defender, and David O. McGovern, Assistant Public Defender, for the appellant, Randall Taylor.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; James Michael Taylor, District Attorney General; and William Bobo Copeland, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On March 6, 2000, a Franklin County Grand Jury returned a seven count indictment against defendant, Randall Taylor, charging him with driving under the influence of an intoxicant, third offense; driving on a revoked license, second offense; and reckless driving.

A jury trial was conducted, and defendant was found guilty of driving on a revoked license, second offense. The trial court dismissed the count of reckless driving, and a mistrial was entered on the count of DUI because the jury could not reach a verdict.

Defendant was ordered to serve eight months of the eleven-month, twenty-nine day sentence in the county jail with the balance on probation. He was also ordered to pay a fine of $3,000.00.

Defendant successfully sought a reinstatement of his bond on November 8, 2000. Defendant filed a motion for new trial which was denied by the trial court on December 1, 2000. Defendant's notice of appeal was timely filed on January 2, 2001.

On this appeal, defendant specifically challenges the sufficiency of the evidence as to whether the State proved beyond a reasonable doubt that defendant was driving on February 3, 2000.

This issue is presented because defendant was charged with driving on a revoked license on February 3, 2000, and defendant's driving record status on February 3 was that of revoked as set forth in a trial exhibit consisting of a report that showed that on February 3, 2000, the defendant's driving privileges were revoked. Defendant contends that the wreck may well have occurred late on February 2, 2000, and the jury had insufficient evidence to conclude that defendant was driving on February 3, 2000.

**Facts**

During the early morning hours of February 3, 2000, a resident of Huntland, Tennessee, called 911 to report that a suspicious person was knocking on the door of the caller's house. The 911 dispatcher reported this over the police radio, which was heard by Officer Thomas Davidson. The caller's location was at the intersection of David Crockett Highway and Post Oak Road. Officer Davidson verified the location as he was not familiar with the address. He then realized that he was already near the location, and as he pulled onto Post Oak Road, he saw defendant walk across the street. Officer Davidson pulled off to the side of the road and questioned defendant. Defendant stated that he was looking for a ride, and Officer Davidson noticed a truck "half-way in the ditch." Officer Davidson asked defendant if the truck belonged to defendant, and defendant responded that the truck belonged to a friend. Officer Davidson asked defendant if he was driving the truck, and defendant responded, "Yes, I was." Officer Davidson then asked to see defendant's drivers license.

Officer Davidson testified that defendant appeared to be having difficulty standing, so Officer Davidson asked defendant to sit on the tailgate of the truck. Officer Davidson testified that he noticed an odor of alcohol on defendant and stated that defendant appeared to be under the influence of an intoxicant. Officer Davidson then returned to his patrol car to check the status of defendant's license and wait for Sergeant Wayne Morris of the Franklin County Sheriff's Office to arrive. Officer Davidson testified that he did not find out how long the truck had been there.

Sergeant Morris arrived on the scene "sometime after midnight, probably 1:00, 1:30, maybe 2:00." He described his involvement as being "in a very early morning of February 3, 2000." Sergeant Morris conducted an accident investigation and stated that the truck "had impacted something, and the right front tire was bent back under the frame of the vehicle." Defendant stated that he hit a fire hydrant on the corner but did not damage it. Sergeant Morris took defendant approximately 300 yards to a water hydrant, had him sit in his patrol car for approximately twenty minutes, and later had Deputy Seth Isbell transport defendant to the jail. Defendant was booked by a guard at the jail at approximately 2:54 a.m. Sergeant Morris stated that defendant was taken to the

jail approximately an hour to an hour-and-a-half after Morris' initial contact with defendant. Sergeant Morris stated that he inspected the fire hydrant and did not find any damage, and further, "had no idea when the accident occurred."

Sergeant Morris stated that he ran a check of defendant's drivers license and discovered that the license had been revoked. Sergeant Morris also stated that defendant had an odor of alcohol on him and was having trouble standing.

A report was introduced as an exhibit at trial to show that defendant's driving privileges on February 3, 2000, were revoked. This Court has previously recognized this as acceptable practice under State v. Sisk, No. 01C01-9803-CC-00143, 1999 WL 298221, at *2 (Tenn. Crim. App., at Nashville, May 12, 1999). However, no evidence was presented as to defendant's driving status on February 2, 2000.

## **Analysis**

On appeal, the State is entitled to the strongest legitimate view of the evidence, and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). A guilty verdict, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in the proof in favor of the State's theory. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

An offense may be proven by circumstantial evidence alone. Price v. State, 589 S.W.2d 929, 931 (Tenn. Crim. App. 1979). Our scope of review is the same when the conviction is based upon circumstantial evidence as it is when it is based upon direct evidence. State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 208 Tenn. 75, 343 S.W.2d 895, 897 (Tenn. 1961).

Defendant was indicted for and convicted of driving on a revoked license in violation of Code section 55-50-504(a)(1) (1998). Section 55-50-504 makes it a crime for any person to drive a motor vehicle on any public highway of this state at a time when the person's privilege to do so is cancelled, suspended, or revoked.

Defendant contends that the wreck occurred before or near midnight on February 2, 2000. Further, the State introduced evidence that defendant's drivers license was revoked on February 3, 2000. So, in order for a jury to have sufficient evidence upon which to convict defendant for driving on a revoked license on February 3, 2000, it must have sufficient evidence to conclude that the wreck occurred on February 3, 2000, as opposed to February 2, 2000.

When viewed in a light most favorable to the State, the evidence reveals that defendant admitted to driving a friend's truck when it struck a fire hydrant approximately 300 yards from the truck's final resting place. As evidence of a collision, the truck's right front tire was bent under the frame of the vehicle. Officer Davidson was dispatched to the location of a 911 caller in the early morning hours of February 3 and subsequently encountered defendant and the wrecked vehicle. Finally, an investigation of the circumstances was conducted, and defendant was booked at approximately 2:54 a.m.

From the totality of the circumstances in the instant case, we believe a jury could find beyond a reasonable doubt that defendant was driving sometime after midnight or in the early morning hours of February 3. A jury could reasonably infer that defendant wrecked the truck he was driving sometime after midnight and went to a nearby house seeking assistance, at which time the homeowner called 911, and an officer was immediately dispatched and arrived on the scene before defendant had returned to his truck, thus precipitating defendant's arrest.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE