IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 26, 2010

**STATE OF TENNESSEE v. MANFRED STEINHAGEN**

**Direct Appeal from the Circuit Court for Cheatham County**
**No. 15706-A    Larry Wallace, Judge**

---

**No. M2009-01592-CCA-R3-CD - Filed July 9, 2010**

---

The Defendant-Appellant, Manfred Steinhagen, appeals pro se from the Circuit Court of Cheatham County. He was initially found guilty by the General Sessions Court of Cheatham County of speeding and violating the Financial Responsibility Act, both Class C misdemeanors. Steinhagen was fined ten dollars for each conviction. He appealed to the Circuit Court, which upheld the judgments of the General Sessions Court. In this appeal, Steinhagen challenges the sufficiency of the evidence and raises several procedural claims. Upon review, we affirm the judgments of the Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Manfred Steinhagen, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Robert Wilson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**. Steinhagen was cited on November 8, 2008, for speeding and violating the Financial Responsibility Act. The citation form states that the violations occurred in Cheatham County while Steinhagen was driving eastbound on Interstate 40. Trooper Andy Wall used radar to determine that Steinhagen was traveling eighty-six miles per hour in a seventy miles per hour speed zone. The citation form states that Steinhagen lacked proof of insurance.

According to the citation form, the General Sessions Court addressed the citations on December 15, 2008. The record does not include a transcript of the proceeding; however,

it does contain an order, which was signed by the General Sessions Court, stating that Steinhagen was fined ten dollars for both offenses on March 16, 2009. At the top of the order, the General Sessions Court stated, "This Court makes an affirmative finding that it has jurisdiction over this Matter." This notation is dated December 15, 2008. The record also includes a document entitled "Uniform Affidavit of Indigency," which states that the General Sessions Court found Steinhagen to be indigent on December 15, 2008.

Steinhagen appealed from the judgments of the General Sessions Court by filing a timely notice of appeal with the Circuit Court of Cheatham County. On June 17, 2009, he submitted a pro se petition to dismiss. The petition asserted that Steinhagen was not provided with a copy of the charging instrument as requested. Additionally, it claimed the General Sessions Court failed to prove it had subject matter jurisdiction. Steinhagen also drafted a pro se "Motion to Produce Document," which requested the Circuit Court to provide a copy of the presentment. This motion is dated June 18, 2009, but it was not stamped with a filing date.

The Circuit Court upheld the judgments of the General Sessions Court on June 23, 2009. The record includes the judgment forms; however, it does not contain a transcript of the Circuit Court proceeding. A "Uniform Affidavit of Indigency" shows that the Circuit Court declared Steinhagen to be indigent on June 23, 2009. Steinhagen appealed from the judgments of the Circuit Court by filing a timely notice of appeal.

On September 16, 2009, the Circuit Court found Steinhagen to be indigent for purposes of this appeal. Steinhagen filed a motion for appointment of counsel, which this court responded to on October 22, 2009. The order acknowledged that Steinhagen was indigent; however, it stated that under Rule 13 of the Tennessee Supreme Court Rules, Steinhagen was not entitled to appointed counsel because the charged offenses were not punishable by confinement. The order also responded to Steinhagen's motion for an extension of time to file a transcript of the evidence. This court granted Steinhagen an additional thirty days to file a transcript of the evidence. The order also stated:

> An indigent defendant is entitled to the transcript at the State's expense only in those criminal cases which are punishable by confinement in the state penitentiary. See Tenn. Code Ann. §§ 40-14-301; 40-14-312. As noted above, the offenses for which the Appellant was convicted are not punishable by incarceration.

Despite the extension, Steinhagen did not file a transcript of the evidence. Instead, on November 2, 2009, he filed a "Statement of the Evidence in Substitute of Transcript," which summarized the proceedings at the General Sessions Court and the Circuit Court. The State filed its own "Statement of Evidence," which read as follows:

The Defendant, Manfred Steinhagen filed an appeal from General Session's [sic] Court where he was found guilty of Speeding and Violation of Financial Responsibility.

The Defendant filed a petition to Dismiss, and the court found, after argument, it did not apply and overruled the Defendant's petition to dismiss.

The State called its first witness, THP Officer Andy Wall. He testified he was a THP Officer for several years. He was on I-40 East Bound at mile marker 185 in Cheatham County, Tennessee. He was using radar. He testified that his radar was working properly and that he calibrated and checked it before and after his shift and it was working properly. Officer Wall testified that the Defendant was in a red two[-]door Volts Wagon [sic] and was clocked at a speed of eighty-six (86) miles per hour. Officer Wall testified the speed limit was seventy (70) miles per hour. The Officer testified that he asked for registration and insurance information and the Defendant stated he does not have insurance. The officer testified he gave defendant a citation for Speeding and Financial Responsibility, which the Defendant signed and received a copy. The state rested.

The Defendant did not call any witnesses and the Defendant did not testify.

At the request of this court, the Circuit Court considered the statements of evidence filed by both parties. The Circuit Court determined that the State's Statement of Evidence accurately disclosed what occurred during the Circuit Court proceeding.

## ANALYSIS

Steinhagen claims his constitutional rights were violated because the lower courts committed procedural and substantive errors. He alleges the following errors occurred in the General Sessions Court: (1) the court failed to announce that court was in session; (2) the State was not represented at the proceeding and failed to properly present its case; and (3) the court did not prove it had subject matter jurisdiction. Steinhagen contends the following errors occurred in the Circuit Court: (1) the court improperly assumed jurisdiction; (2) the court should have granted his "Motion to Produce Document;" and (3) the court erred in denying his motion to dismiss. Steinhagen asserts both courts acted arbitrarily and capriciously in depriving him of his constitutional rights. He also challenges the sufficiency of the evidence for both convictions. In response, the State claims these issues are waived because they are not supported by proper argument and citations to the record and because the record on appeal is inadequate. The State also argues that both convictions were supported by sufficient evidence.

**I. Sufficiency of the Evidence**. The State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). When a defendant challenges the sufficiency of the evidence, this court must consider "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support a finding by the trier of fact of guilt beyond a reasonable doubt." The requirement that guilt be found beyond a reasonable doubt is applicable in a case where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977) and Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)). The trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and must reconcile all conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996).

When reviewing issues regarding the sufficiency of the evidence, this court shall not "reweigh or reevaluate the evidence." State v. Philpott, 882 S.W.2d 394, 398 (Tenn. Crim. App. 1994) (citing State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978), superseded by statute on other grounds as stated in State v. Barone, 852 S.W.2d 216, 218 (Tenn.1993)). This court has often stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." Bland, 958 S.W.2d at 659 (citation omitted). A guilty verdict also "removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id. (citation omitted).

Steinhagen was convicted of speeding under Tennessee Code Annotated section 55-8-152(c), which states in part:

> On all controlled-access highways with four (4) or more lanes, which are designated as being on the state system of highways or the state system of interstate highways, it is unlawful for any person to operate or drive a motor vehicle or a truck at a rate of speed in excess of seventy miles per hour (70 mph). . . .

Sufficient evidence was presented that Steinhagen was guilty of speeding. The Circuit Court adopted the Statement of Evidence submitted by the State. According to this statement, Officer Andy Wall was running radar on Interstate 40 in Cheatham County. He clocked Steinhagen traveling eighty-six miles per hour. This testimony is consistent with the

information on the citation form, and Steinhagen presented no evidence to the contrary. A rational trier of fact could have found Steinhagen guilty of speeding.

Steinhagen was also convicted of violating the Financial Responsibility Act under Tennessee Code Annotated section 55-12-139(b), which states:

> At the time the driver of a motor vehicle is charged with any violation under chapters 8 and 10, parts 1-5, and chapter 50 of this title; any other local ordinance regulating traffic; or at the time of an accident for which notice is required under § 55-10-106, the officer shall request evidence of financial responsibility as required by this section. In case of an accident for which notice is required under § 55-10-106, the officer shall request evidence of financial responsibility from all drivers involved in the accident, without regard to apparent or actual fault. For the purposes of this section, "financial responsibility" means:
>
> (1) Documentation, such as the declaration page of an insurance policy, an insurance binder, or an insurance card from an insurance company authorized to do business in Tennessee, stating that a policy of insurance meeting the requirements of this chapter, has been issued[.]

According to Officer Wall, Steinhagen admitted that he did not have proof of insurance. This testimony was supported by the information in the citation form, and Steinhagen presented no evidence in opposition. A rational trier of fact could have found Steinhagen guilty of violating the Financial Responsibility Act. Accordingly, Steinhagen is not entitled to relief on this issue.

**II. Other Claims**. Steinhagen is not entitled to relief on his remaining claims. His primary claim is that both lower courts failed to prove they had jurisdiction. This blanket assertion is not supported by legal argument or proper citation to the record, as required by Rule 10(b) of the Tennessee Rules of the Court of Criminal Procedure. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000). Furthermore, nothing in the record suggests that either court lacked jurisdiction. The citation form states that Steinhagen was speeding in Cheatham County without proof of insurance; thus, the General Sessions Court in Cheatham County had jurisdiction to address the citations. See State v. Ronnie Dale Gentry, No. E2005-01133-CCA-R3CD, 2006 WL 891211, at *5 (Tenn. Crim. App., at Knoxville, April 4, 2006). The Circuit Court also had jurisdiction after Steinhagen filed his notice of appeal.

Our review of Steinhagen's remaining claims are hampered by his failure to provide a record which conveys a fair, accurate, and complete account of what transpired. See Tenn. R. App. P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Steinhagen claims the Circuit Court erred in denying his petition to dismiss; however, the only evidence in the record concerning the petition comes from the Statement of Evidence submitted by the State. This statement merely asserts that the petition was denied after argument. Because the record does not include a copy of the Circuit Court's findings, we are unable to address the merits of the claim. It is also unclear from the record whether the Circuit Court addressed Steinhagen's "Motion to Produce Document." This motion does not have a filing date and was not mentioned in the Statement of Evidence. Lastly, the record does not contain a transcript of the evidence at the General Sessions Court. Therefore, we are unable to verify whether the General Sessions Court announced that court was in session or whether the State was present during the proceeding. We hold that these issues are waived because Steinhagen failed to provide an adequate record on appeal. He is not entitled to relief on these issues.

## CONCLUSION

Based on the foregoing, the judgments of the trial court are affirmed.

_____
CAMILLE R. McMULLEN, JUDGE