# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 10, 2012

## STATE OF TENNESSEE v. JONATHAN LAMONT JONES

**Appeal from the Circuit Court for Dyer County**
**No. 10-CR-230    Lee Moore, Judge**

---

**No. W2011-02311-CCA-R3-CD - Filed September 17, 2012**

---

The Defendant-Appellant, Jonathan Lamont Jones, was indicted by a Dyer County grand jury of tampering with evidence, a Class E felony, and resisting arrest, a Class B misdemeanor. Jones was acquitted of tampering with evidence and convicted of resisting arrest. He was sentenced to six months probation after serving ninety days in confinement. The sole issue presented for our review is whether the evidence was sufficient to support his conviction. Upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

James E. Lanier, District Public Defender; Timothy Boxx, Assistant Public Defender, Dyersburg, Tennessee, for the Defendant-Appellant, Jonathan Lamont Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The proof adduced at trial in this case centered primarily upon the tampering with the evidence offense for which Jones was acquitted. We are compelled to note at the outset that neither party focused in any great detail on the resisting arrest offense during trial. Nevertheless, we will focus our recitation of the facts primarily upon the proof supporting the resisting arrest offense, which stems from an encounter between Jones and two Dyersburg police officers on June 2, 2010. The officers provided substantially similar accounts of their encounter with Jones at trial. Both officers were in uniform and on routine

patrol. They received confirmation from dispatch indicating "two different warrants on two different Jonathan Joneses, both being black males, both around the same age as [Defendant-Appellant]." They saw Jones, who was known from a previous investigation, and approached him to verify whether his date of birth was consistent with the date of the warrants. In the process of verifying Jones's date of birth, Jones turned away from the officers, placed a substance believed to be cocaine in his mouth, and refused officers' commands to "spit-out" the substance.

After it was apparent that Jones had swallowed the substance, Jones began "actively trying to get away and resist[ing] [the officers]." The officers then attempted to arrest Jones, ordered him to place his hands behind his back, but Jones refused to comply. Jones began "pulling his arms away[,]" and it was unclear to the officers whether Jones intended to "get away . . . or actually fight [them]." The officers were unable to handcuff Jones in a standing position. Given Jones's behavior, both officers were necessary to detain him. Jones was ultimately forced to the ground, and one officer laid his body over Jones to contain him until additional officers arrived on the scene.

Defendant-Appellant Jones conceded that he knew the officers prior to the instant offense. He testified that on the date of the offense, he was "walking down the street" and saw the officers in a "gray Malibu." The officers pulled up next to him and told him to "come here." When he approached the car, the officers told him that he had active warrants. Jones believed he did not have any warrants, turned around, and began to walk off. As Jones did so, he heard one officer say, "'he swallowed something, he swallowed something.'" The officers then jumped out of the car, grabbed him, and began choking him. Jones denied swallowing anything, and said that the officers never asked his date of birth. On cross-examination, Jones denied putting anything in his mouth and running from the officers during the incident.

The jury found Jones not guilty of tampering with the evidence and guilty of resisting arrest. Jones was sentenced to ninety days in jail followed by three months probation. Jones timely filed a motion for new trial, which was denied. This timely appeal followed.

## ANALYSIS

Jones's entire argument, as presented in his brief, is a single sentence contending that "the evidence presented at trial is not sufficient to support the jury's verdict" of resisting arrest. In response, the State contends the evidence was sufficient to support Jones's conviction. We agree.

The State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support a finding by the trier of fact of guilt beyond a reasonable doubt." Guilt may be found beyond a reasonable doubt in a case where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)).

The trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). When reviewing issues regarding the sufficiency of the evidence, this court shall not "reweigh or reevaluate the evidence." Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). This court has often stated that "[a] guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." Bland, 958 S.W.2d at 659. A guilty verdict also "removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id. (citing State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982)).

As relevant to this case, in order to sustain a conviction for resisting arrest, the State must prove that Jones "intentionally prevent[ed] or obstruct[ed] anyone known to [him] to be a law enforcement officer . . . from effecting . . . [an] arrest . . . by using force against the law enforcement officer[.]" See T.C.A. § 39-16-602(a) (2010). Force is defined as "compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title." T. C. A. § 39-11-106(a)(12) (2010). See State v. Tidwell, No. 01C01-9807-CC-00288, 1999 WL 436840, at *2 (Tenn. Crim. App. June 30, 1999), perm. app. denied (Tenn. Jan. 3, 2000), State v. Isibor, No. 01C01-9610-CC-00441, 1997 WL 602945, at *2 (Tenn. Crim. App. Sept. 30, 1997), perm. app. denied, (Tenn. Aug. 3, 1998). Unless the defendant is claiming self-defense against excessive force from officers, see T.C.A. § 39-11-611(e), "[w]hether the arrest was or was not supported by probable cause is not determinative as to whether defendant resisted arrest." Isibor, 1997 WL 602945 at *3.

Upon our review of the record and in the light most favorable to the State, both officers testified that Jones resisted their official commands by pulling his hands away from

them. Jones continued to resist the officers when they attempted to handcuff him. Both officers were necessary to subdue Jones on the ground in order to handcuff him. In contrast, Jones said the officers jumped out, grabbed him, and began "choking [him] out." In our view, this case amounted to a classic credibility contest between Jones and the Dyersburg police officers. Significantly, the jury retired to deliberate at 11:37 a.m. and returned with their verdict eight minutes later, at 11:45 a.m. The jury accredited the testimony of the officers as evidenced by their verdict, and Jones's testimony was rejected. This Court has repeatedly stated that we do not reweigh the evidence or judge the credibility of witnesses. Moreover, this court is required to construe the element of force broadly. Jones's pulling away from the officers, coupled with his refusal to place his hands behind his back, constitutes force sufficient to satisfy the offense of resisting arrest. Accordingly, the evidence is sufficient for a jury to find beyond a reasonable doubt that Jones was guilty of resisting arrest. The judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE