# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 3, 2016

## STATE OF TENNESSEE v. BRIAN LEE WEBB

**Appeal from the Circuit Court for Benton County**
**No. 15CR39     C. Creed McGinley, Judge**

---

**No. W2015-01809-CCA-R3-CD  -  Filed July 27, 2016**

---

The Defendant, Brian Lee Webb, was convicted by a Benton County jury of rape of a child (Count 1) and aggravated sexual battery (Count 2).  He was sentenced to a concurrent term of forty years' confinement for the child rape conviction and twelve years' confinement for the aggravated sexual battery conviction, for an effective sentence of forty years in the Tennessee Department of Correction (TDOC).  On appeal, the Defendant argues that the evidence is insufficient to sustain his convictions and that the trial court erred in not considering certain mitigating evidence in sentencing.  Because neither the record nor the judgment reflects service of the aggravated sexual battery conviction at 100% as mandated by statute, we are compelled to remand Count 2 for entry of corrected judgment.  In all other respects, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed;**
**Remanded for Entry of Corrected Judgment**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Guy T. Wilkinson, District Public Defender; Gary J. Swayne, Assistant Public Defender, Camden, Tennessee, for the Defendant, Brian Lee Webb.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Bruce I. Griffey, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On the morning of November 8, 2014, the Camden Police Department responded to a 911 call placed by M.I., the victim's mother, regarding an incident between the

Defendant and T.I., the six-year-old victim.[1]  The victim accused the Defendant of placing his penis inside her mouth and then touching her genital region.  Shortly after police responded to the victim's home, the Defendant was arrested and identified by "eyewitnesses" as the offender.  The Benton County Grand Jury subsequently indicted the Defendant for rape of a child and aggravated sexual battery.

As relevant to the issues raised by the Defendant in this appeal, the facts adduced at the June 29, 2015 trial were as follows:  The victim testified that on the morning of November 8, 2014, the Defendant was visiting his girlfriend, a friend of the victim's mother who was staying with the family.  The victim was sitting on the living room couch with her brother and the Defendant when the Defendant asked her to get him a drink.  Shortly after she returned from the kitchen with a glass of Coca Cola, the Defendant told the victim to "put it up," and she complied by putting the drink on a shelf.  The Defendant then asked the victim to join him on the couch, which she referred to as "the bed."  After the victim joined the Defendant on the couch, the Defendant unzipped his pants, pulled out his penis, and placed his penis in the victim's mouth.  The victim told the Defendant to stop, but he did not stop until about a minute later.  The Defendant then put his hand down the victim's pants and touched her "private spots."

Several other people were inside the house at the time.  The victim's father and another man named J.R. were in the dining room.  The victim's mother, her sister, H.W., her sister's friend, K.S., and the Defendant's girlfriend were in a bedroom folding clothes.[2]  The victim told the others what happened shortly after the Defendant stopped touching her.  A family friend told the Defendant to leave, and the victim's mother called 911.

H.W.'s thirteen-year-old friend, K.S., witnessed the victim bent over the Defendant's lap with a blanket, and noticed the Defendant's hand inside the victim's pants.  K.S. said the Defendant "jumped back" when she went through the living room area, and the victim ran.  The Defendant was not wearing a shirt and his pants were unzipped.  K.S. said no one else was inside the living room besides the victim and the Defendant.

The victim eventually told K.S. and H.W. that the Defendant made her put his "cup" in her mouth.  When K.S. and H.W. asked what the victim meant when she said "cup," the victim responded by pointing to her "private area."  K.S. said when the

---

[1] It is the policy of this court to protect the anonymity of victims of sex crimes by identifying them and their relatives by their initials only.

[2] The victim testified her brother was on the couch with the victim and Defendant watching television, but she did not specify where her brother was located while the offenses occurred.

Defendant was confronted and told to leave, he denied the accusations and acted "like he didn't do anything."

H.W., the victim's twelve-year-old sister, testified consistently with K.S.'s testimony. Additionally, H.W. said the victim was "very scared, and she had tears in her eyes, and she was very frightened that day like she didn't know what just happened, like she didn't know what was going on."

Alex Latimer, the chief investigator for the Camden Police Department, testified that a buccal swab was used to collect deoxyribonucleic acid (DNA) from the Defendant.[3] The Defendant's DNA, specifically his semen, was not detected in the evidence collected from the victim's sexual assault exam. There were no allegations that the Defendant ejaculated or left any semen as the result of his contact with the victim.

Brandy Tharpe, the Defendant's sister, testified that the Defendant was in a car crash and suffered a "massive head injury" in 2010. She explained the head injury affected the Defendant's memory and made it easier for people to take advantage of him. The trial court instructed the jury that Tharpe was "not testifying as an expert as to the effects of any type of injury on any type of behavior." The Defendant did not testify at trial. Based on the above proof, the jury convicted the Defendant as charged in the indictment.

At the July 23, 2015 sentencing hearing, the trial court enhanced the Defendant's sentenced based on his criminal history, which consisted of two felony convictions of aggravated assault and evading arrest with risk of death or injury, one misdemeanor conviction of contributing to the delinquency of a minor, and three misdemeanor theft convictions. The Defendant was granted diversion in a fourth misdemeanor theft case. The court also noted the Defendant previously violated the terms of his release into the community. Specifically, the Defendant was serving the remainder of a four-year sentence in a community corrections program for his aggravated assault and evading arrest convictions, which was revoked after he violated curfew and failed to pay court costs. The court found "nothing in the record, or the testimony at trial, that would remotely suggest any type of mitigation." After noting that a person convicted of child rape is statutorily mandated to serve his or her sentence at 100% as a Range II offender, the court sentenced the Defendant to forty years at 100% for the child rape conviction and twelve years at 30% for the aggravated sexual battery conviction.

---

[3] Deoxyribonucleic acid, or DNA, carries the unique genetic information of all known living organisms.

The Defendant filed a motion for new trial on August 5, 2015, which the trial court denied on August 31, 2015. The Defendant filed a timely notice of appeal to this court on September 10, 2015.

## ANALYSIS

On appeal, the Defendant raises two issues for our review: (1) whether the evidence was sufficient to support the convictions of child rape and aggravated sexual battery, and (2) whether the court erred in giving the Defendant the maximum sentence.[4] Upon our review, we affirm the convictions. However, we are compelled to remand for entry of a corrected judgment in Count 2.

**I. Sufficiency of the Evidence.** The Defendant first argues that the evidence is insufficient to sustain his convictions for rape of a child and aggravated sexual battery. Specifically, he contends that because the State relied solely on the victim's testimony to support the conviction of child rape and because there was no physical evidence to support the conviction of child rape, a rational trier of fact could not find guilt beyond a reasonable doubt. The Defendant further argues that the aggravated sexual battery conviction is undermined by inconsistencies between the victim's testimony and the testimony of K.S., the "only other witness" of the aggravated sexual battery, and by the Defendant's behavior following the incidents. The State responds that the evidence is more than sufficient to sustain the convictions. We agree with the State.

When a defendant challenges the sufficiency of the evidence supporting a conviction, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)). Because a guilty verdict "removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009).

---

[4] We note that defense counsel first submitted his appellate brief on February 10, 2016, but the brief was stricken from the record for being "woefully inadequate." Defense counsel submitted an amended brief which was received and filed on May 6, 2016, the day after the deadline given by this court.

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 370 (Tenn. 2011) (quoting Hanson, 279 S.W.3d at 275). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. Id.

Rape of a child, a Class A felony, is defined as "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is more than three (3) years of age but less than thirteen (13) years of age." T.C.A. § 39-13-522(a). Sexual penetration means "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object in the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." Id. § 39-13-501(7). Aggravated sexual battery, a Class B felony, is defined as "unlawful sexual contact with a victim by the defendant or the defendant by a victim . . . [where] [t]he victim is less than thirteen (13) years of age." Id. § 39-13-504(a)(4). Sexual contact means "the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Id. § 39-13-501(6). Intimate parts "includes semen, vaginal fluid, the primary genital area, groin, inner thigh, buttock or breast of a human being." Id. § 39-13-501(2).

In this appeal, the Defendant does not specifically challenge the evidence establishing the elements of rape of a child or aggravated sexual battery. Instead, he attacks the credibility of the victim's testimony, noting that "there is no physical evidence to support the conviction" and that portions of the victim's testimony conflict with portions of K.S.'s testimony in regard to what the Defendant was wearing and the location of certain people in the victim's home.

As previously noted, the jury determines the credibility of witnesses and the weight afforded to the evidence, and we will not reweigh or reevaluate the evidence. Further, "a jury's verdict will not be overturned unless there are inaccuracies or inconsistencies that 'are so improbable or unsatisfactory as to create a reasonable doubt of the [defendant's] guilt.'" State v. Elkins, 102 S.W.3d 578, 582-83 (Tenn. 2003) (quoting State v. Radley, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999)). Moreover, the testimony of a child victim, alone, is sufficient to uphold a conviction for child rape. Id.; see also State v. Blunkall, No. M2014-00084-CCA-R3-CD, 2015 WL 500751, at *10 (Tenn. Crim. App. Feb. 5, 2015) (holding that a minor victim's testimony was sufficient despite lack of corroborating evidence, including the defendant's semen). Here, the minor inconsistencies between the victim's testimony and K.S.'s testimony do not create reasonable doubt. By its verdict, the jury resolved any inconsistencies in the State's favor. Significantly, the trial court noted during sentencing that despite her young age, the victim was "probably as good a child witness as [he's] ever seen. She was able to give testimony with candor. She was very sound in giving her testimony, probably much more than [he] would have expected from a six year old, and she was particularly persuasive, not only to the jury, but to the Court as well." Viewed in the light most favorable to the State, we conclude that a rational jury could have found the Defendant guilty of rape of a child and aggravated sexual battery beyond a reasonable doubt. The Defendant is not entitled to relief on this issue.

**II. Length of Sentence.** The Defendant claims that the trial court erred by imposing the maximum sentence while not recognizing any factors for mitigation. He relies on the testimony from his sister noting that he suffered a massive head injury in a 2010 car crash. The Defendant argues that "simply based on lay observation of a close relative (i.e., sister) . . . there is some suffering of a mental condition that tends to perhaps reduce culpability. Maybe enough to come off the maximum sentence." The State argues the trial court properly sentenced the Defendant and that the Defendant failed to provide evidence supporting the application of any mitigating factors.

We review the length and manner of service of a sentence imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). The misapplication of enhancement or mitigating factors does not invalidate the imposed sentence "unless the trial court wholly departed from the 1989 Act, as amended in 2005." Id. at 706. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." Id. Therefore, this court reviews a trial court's sentencing determinations under "an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our

Sentencing Act." Id. at 707. The defendant has the burden of showing the impropriety of the sentence on appeal. T.C.A. § 40-35-401(d), Sentencing Comm'n Cmts.

Pursuant to the 2005 amendments to the Sentencing Act, a trial court must consider the following when determining a defendant's specific sentence:

(1) The evidence, if any, received at the trial and the sentencing hearing; (2) The presentence report; (3) The principles of sentencing and arguments as to sentencing alternatives; (4) The nature and characteristics of the criminal conduct involved; (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114; (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b)(1)-(7) (2010). In determining the proper sentence, the trial court must consider the defendant's potential for rehabilitation or treatment. Id. §§ 40-35-102, -103 (2010). In addition, the court must impose a sentence "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. § 40-35-103(2), (4).

Rape of a child is a Class A felony, T.C.A. § 39-13-522(b)(1), which carries with it an automatic minimum Range II sentence between twenty-five to forty years. Id. § 39-13-522(2)(A). A sentence imposed for a child rape conviction must be served at 100%. See T.C.A. § 40-35-501(i)(1), (2)(I), (3) (2015). Aggravated sexual battery is a Class B felony. T.C.A. § 39-13-504(a)(4). A sentence imposed for an aggravated sexual battery conviction must be served at 100%. See T.C.A. § 40-35-501(i)(1), (2)(H), (3) (2015). Finally, after being convicted of offenses such as rape of a child and aggravated sexual battery, a defendant must be placed on the sexual offender registry and subjected to community supervision for life. See T.C.A. §§ 39-13-524, 40-39-201.

In this appeal, the Defendant does not claim that the trial court misapplied any enhancement factors before sentencing him to the maximum effective sentence or any other aspect of his sentence. Instead, the Defendant challenges the trial court's refusal to consider the Defendant's mental condition under Tennessee Code Annotated section 40-35-113(8). In support of his argument, the Defendant relies upon the trial testimony of his sister, Brandy Tharpe. At trial, Tharpe testified her brother suffered a massive head injury as the result of a car crash in 2010, which caused memory loss and made him "easier to take advantage of than before the head injury." The Defendant relies exclusively on Tharpe's testimony to suggest he may have a mental condition that

reduces his culpability, qualifying him for mitigating factor (8). In order for a defendant's mental condition to be considered under section 40-35-113(8), he must "sufficiently establish not only the presence of the defect, but also a causal link between his ailment and the offense charged." State v. Fentress, No. M2011-01505-CCA-R3-CD, 2012 WL 5439027, at *3 (Tenn. Crim. App. Nov. 7, 2002) (citing State v. Robert James Yoreck, III, No. M2004-01289-CCA-R3-CD, 2003 WL 23613823, at *4 (Tenn. Crim. App. June 29, 2004)). Here, the Defendant acknowledges Tharpe "is not a medical expert by any stretch of the imagination." On its own, Tharpe's testimony is insufficient to establish that the Defendant does in fact suffer from a mental disorder, or that the alleged mental disorder diminished his culpability when he unzipped his pants, inserted his penis into the victim's mouth, and then touched her genital region. We therefore conclude that the trial court did not abuse its discretion by not acknowledging Tharpe's testimony as grounds for mitigation.

The record shows that the trial court expressly articulated its reasoning in support of imposing the maximum sentences for both offenses, which were within the applied sentencing ranges, and considered the principles and purposes of the sentencing act. The trial court found "a host of enhancing factors," specifically referring to the Defendant's history of criminal convictions and the fact that the Defendant had violated the terms of his release into the community in the past. For those reasons, and because the trial court was statutorily mandated to sentence the Defendant as a Range II offender for the child rape conviction at 100%, we discern no abuse of discretion and affirm the effective sentence of forty years' confinement at 100% by the trial court. However, we are compelled to remand for entry of corrected judgment in Count 2. As correctly pointed out in the Defendant's brief, the trial court sentenced the Defendant as a Range I offender for the aggravated sexual battery conviction in Count 2, to be served at 30%. The judgment in Count 2 also reflects that the twelve-year sentence to be served at 30%. Aggravated sexual battery is statutorily mandated to be served at 100%. See T.C.A. § 40-35-501(i)(1), (2)(H), (3) (2015); see also Barry C. Melton v. Arvil Chapman, Warden, No. M2012-00322-CCA-R3-PC, 2013 WL 139561, at *5 (Tenn. Crim. App. Jan. 11, 2013), perm. app. denied (Tenn. May 7, 2013); Roger Brent Banks v. Cherry Lindamood, Warden, No. W2013-00458-CCA-R3-HC, 2014 WL 217662, at *2 (Tenn. Crim. App. Jan. 17, 2014) (noting that the 100% release eligibility requirement for the petitioner's aggravated sexual battery offenses should have been noted on the judgment form by a check of the "Violent 100%" offender box). Accordingly, we remand for entry of corrected judgment for Count 2. In all other respects, the judgments of the trial court are affirmed.

## CONCLUSION

Based on the above authority and analysis, we affirm the convictions and effective sentence of the trial court, but remand for entry of a corrected judgment in Count 2.

_____
CAMILLE R. McMULLEN, JUDGE