IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2014

**STATE OF TENNESSEE v. BILLY JOE HARRIS**

**Appeal from the Circuit Court for Obion County**
**No. CC-13-CR-107      William B. Acree, Jr., Judge**

**No. W2013-02310-CCA-R3-CD  - Filed June 12, 2014**

Following a bench trial, the Defendant-Appellant, Billy Joe Harris, was convicted in the Obion County Circuit Court of violation of the sexual offender registry, a Class E felony. See T.C.A. § 40-39-208 (2012). The trial court imposed a one-year sentence with ninety days to be served in the county jail and the balance to be served on community corrections. The sole issue presented for our review is whether the evidence is sufficient to support the conviction. Upon review, we affirm the judgment[1] of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Joseph P. Atnip, District Public Defender; and William K. Randolph, Assistant District Public Defender, Dresden, Tennessee, for the Defendant-Appellant, Billy Joe Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin E.D. Smith, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On June 3, 2013, the Obion County Grand Jury indicted the Defendant-Appellant, Billy Joe Harris, for failure to timely report to a designated law enforcement agency as a

---

[1] We note that the judgment form incorrectly shows the sentence length as "_1_Years ____ Months_ _90_ Days." However, an amended judgment is not necessary because the "Special Conditions" portion of the judgment form and the transcript make clear that the Defendant-Appellant's sentence is one year of community corrections upon completion of 90 days in jail.

violent sexual offender in violation of Tennessee Code Annotated section 40-39-208. He waived his right to a jury trial. The following proof was presented at the bench trial.

**Bench Trial.** Investigator John Davis of the Obion County Sheriff's Department testified that his duties included the registration of sex offenders. He said that Harris was convicted of aggravated sexual battery in 1988 and that the offense involved a minor victim. As a violent sexual offender, Harris was required to report in person to Investigator Davis on a quarterly basis, specifically in March, June, September, and December. Investigator Davis stated that Harris had reported to him for several years.[2] He said that on a few occasions, he told Officer Darrell Davis, a relative of Harris, to remind Harris to report so as to avoid violating the registry. When he had last asked Officer Davis to remind Harris about the appointments, Officer Davis responded that Harris was a "grown man" and needed to remember to report on his own.

In September 2012, Harris met with Investigator Davis as required and reported that his information had not changed since the previous meeting. Harris was unable to pay the annual fee of $150 at the time, and he said that he would have the money "next month. Investigator Davis told Harris not to worry about the fee but to remain in compliance with reporting.

Investigator Davis identified the TBI registration form that Harris signed on September 14, 2012. Next to Harris's signature, the form indicated, "I acknowledge I have read and understand the requirements." The form included the instructions for the sex offender registry, and Harris initialed each page of the requirements. One requirement was that "[v]iolent sexual offenders shall report in person during the months of March, June, September, and December of each calendar year, to the designated law enforcement agency[.]" The form also stated that it was a Class E felony for an offender to knowingly fail to timely register or report. Investigator Davis said that Harris received copies of these documents.

Investigator Davis stated that Harris did not report to him in December 2012. He waited until January 7, 2013, and then obtained a warrant for Harris's arrest for failure to appear pursuant to the registry. Investigator Davis said that Harris then reported the following day and complied with the requirements. He testified that when they met on January 8, 2013, Harris stated, "'Well, I thought you said I didn't have to come in

---

[2] The record does not reflect when Harris first began reporting to Investigator Davis. When questioned on this point by the trial court, Investigator Davis responded, "Judge, he's been coming several years. His file was so thick, it is actually broken down."

December.'" Investigator Davis responded that he had told Harris not to worry about paying the fee but that Harris still had to report on a quarterly basis.

At the conclusion of the bench trial, the court found Harris guilty as charged. The court imposed a one-year sentence with ninety days to be served in the county jail and the balance to be served on community corrections. After the denial of Harris's motion for new trial, this timely appeal followed.

## ANALYSIS

**I. Sufficiency of the Evidence.** The sole issue presented for our review is whether the evidence was sufficient to support Harris's conviction for violation of the sexual offender registry. Specifically, Harris argues that the State failed to prove beyond a reasonable doubt that he "knowingly" failed to report in December 2012. Instead, he contends that the evidence indicates that he simply forgot to report. In support of this assertion, Harris maintains that he "has been reporting faithfully for years and years, and that he has absolutely no motive not to report, and that he is forgetful, and often has to be reminded of appointments[.]" In response, the State argues that the evidence was more than sufficient to establish that Harris knowingly failed to report. We agree with the State.

It is well established law that the State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Guilt may be found beyond a reasonable doubt in a case where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)).

The trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). When reviewing issues regarding the sufficiency of the evidence, this court shall not "reweigh or reevaluate the evidence." Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). "In a bench trial, the verdict of the trial judge is entitled to the same weight on appeal as a jury verdict." State v. Holder, 15 S.W.3d 905, 911 (Tenn.

Crim. App. 1999) (citing State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978)). This court has often stated that "[a] guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." Bland, 958 S.W.2d at 659. A guilty verdict also "removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id. (citing State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982)). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 405 S.W.2d 768, 771 (Tenn. 1966) (citing Carroll v. State, 370 S.W.2d 523 (Tenn. 1963)).

"In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence." State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (citing Duchac v. State, 505 S.W.2d 237, 241 (Tenn. 1973); Marable v. State, 313 S.W.2d 451, 456-58 (Tenn. 1958)). However, "[t]he jury decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting Marable, 313 S.W.2d at 457). This court may not substitute its inferences for those drawn by the trier of fact in cases involving circumstantial evidence. State v. Sisk, 343 S.W.3d 60, 65 (Tenn. 2011) (citing State v. Lewter, 313 S.W.3d 745, 748 (Tenn. 2010)). We note that the standard of review "'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009) (quoting State v. Sutton, 166 S.W.3d 686, 689 (Tenn. 2005)); State v. Carruthers, 35 S.W.3d 516, 557 (Tenn. 2000).

The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 "is a comprehensive statute requiring persons convicted of certain offenses to register with the TBI and to have their names, addresses and other information maintained in a central offender registry." Stephen Strain v. Tennessee Bureau of Investigation, No. M2007-01621-COA-R3-CV, 2009 WL 137210, at *2 (Tenn. Ct. App. Jan. 20, 2009); see T.C.A. § 40-39-201. Tennessee Code Annotated section 40-39-202 defines "violent sexual offender" to include a person who has been convicted of

aggravated sexual battery.  See T.C.A. § 40-39-202(29), (30) (2012).  Section 40-39-203 of the Act describes the registration procedure for offenders and provides that "[t]he offender's signature on the TBI registration form creates the presumption that the offender has knowledge of the registration, verification and tracking requirements of this part."  Id. § 40-39-203(l).  Section 40-39-204 requires a violent sexual offender to report in person to the designated registration agency to update and verify registry information "during the months of March, June, September, and December of each calendar year[.]"  Id. § 40-39-204(b)(1). Section 40-39-208(a) provides that "[i]t is an offense for an offender to knowingly violate any provision of this part."  An offense under the Act is a Class E felony.  Id. § 40-39-208(b). A violation of the Act includes, but is not limited to, when an offender "knowingly" fails to timely register or report.  Id. § 40-39-208(a)(1).  A person acts "knowingly" when the person is aware of either the nature of the conduct or that the conduct is reasonably certain to cause a result.  See id. § 39-11-302(b).

Here, Harris was convicted of violating the sex offender registry for failure to timely report to a designated law enforcement agency in December 2012.  He does not dispute the fact that he failed to report but contends that the State did not prove beyond a reasonable doubt that he "knowingly" failed to appear for his appointment.

Viewed in the light most favorable to the State, we conclude that the evidence was sufficient to sustain Harris's conviction.  The proof at the bench trial established that Harris reported to Investigator John Davis as required on September 14, 2012.  During this meeting, Harris and Investigator Davis reviewed the TBI registration form which outlined the sexual offender registry requirements.  Harris then signed and initialed the form, acknowledging that he understood the requirements and the sanctions of the program.  The instructions form, which was entered into evidence, listed that Harris was obligated to "report in person during the months of March, June, September, and December of each calendar year" and stated that it was a Class E felony for an offender to knowingly fail to timely register or report. Investigator Davis testified that Harris had reported for "several years" and that he provided Harris with copies of the signed forms at their September 2012 meeting.  Harris told Investigator Davis that he would pay the $150 administrative fee "next month." Subsequently, he did not report in December 2012 as required, and a warrant was issued for his arrest in January 2013.  Although Harris insists in his brief to this court that he simply forgot to report, the trier of fact could reasonably infer from the circumstances that Harris was aware of his registration obligations and that he knowingly failed to report to Investigator Davis in December 2012.  Moreover, the law presumes that Harris had knowledge of the requirements of the Act based on his signature on the TBI registration form.  See id. § 40-39-203(l); see also State v. William Henry Wiggins, No. M2010-02136-CCA-R3-CD, 2012 WL 2151502, at *3 (Tenn. Crim. App. June 14, 2012) (concluding that the evidence was sufficient to establish that the defendant "knowingly"

failed to report as a violent sexual offender where the defendant signed three acknowledgment forms that listed his reporting obligations). We conclude that the evidence is sufficient to sustain Harris's conviction for violation of the sexual offender registry. Accordingly, he is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the Obion County Circuit Court.

_____
CAMILLE R. McMULLEN, JUDGE