# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 9, 2016

## STATE OF TENNESSEE v. CHRISTOPHER DEMOTTO LINSEY

**Appeal from the Circuit Court for Montgomery County**
**No. 41400689, 63CC1-2014-CR-665     William R. Goodman, III, Judge**
_____

**No. M2015-01851-CCA-R3-CD – Filed September 27, 2016**
_____

The defendant, Christopher Demotto Linsey, was indicted for tampering with evidence, possession of cocaine with intent to sell or deliver, simple possession of marijuana, possession of heroin, and simple possession of alprazolam. After trial, a jury found the defendant guilty of felony tampering with evidence and misdemeanor simple possession of marijuana, for which he received an effective twelve-year sentence. On appeal, the defendant argues the evidence was insufficient to support the trial court's decision to deny his request for a renunciation jury instruction with respect to the tampering with evidence charge. The State concedes the evidence presented at trial was insufficient to support the defendant's tampering with evidence conviction and asserts the jury instruction question has been pretermitted. Upon review, we agree with the State. We affirm the defendant's conviction for simple possession of marijuana and reverse and vacate the defendant's conviction for tampering with evidence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part; Reversed in Part.**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT H. MONTGOMERY, JR., J., joined.

Melissa King, Clarksville, Tennessee, for the appellant, Christopher Demotto Linsey.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; John W. Carney, District Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural History

On November 8, 2013, Deputy Daniel Gagnon of the Montgomery County Sheriff's Office observed the defendant driving without a seatbelt and initiated a traffic stop. When approaching the vehicle, Deputy Gagnon smelled burnt marijuana. Deputy Gagnon asked the defendant for his license and registration. The defendant could not produce a driver's license and instead gave the officer a Tennessee identification card. Deputy Gagnon confirmed the defendant's license was suspended and called for backup assistance. Deputy Gagnon also determined that the vehicle was registered to Christy Harper.

After the arrival of the additional officer, Deputy Gagnon detained the defendant for driving on a suspended license. Due to the marijuana odor, Deputy Gagnon asked the defendant whether he had marijuana on him. Deputy Gagnon testified that the defendant then "spit a green plant-like substance in a plastic bag of some sort right down at my feet." Deputy Gagnon admitted the defendant could have swallowed the bag but did not. Deputy Gagnon eventually retrieved the marijuana and placed it in an evidence bag.

Deputy Gagnon searched the vehicle and noticed missing and mismatched screws on the floorboard of the vehicle. The officer requested the canine unit, and Officer Gabriel Johnson, with the Clarksville Police Department, and a drug detection canine arrived at the scene. The dog indicated the smell of narcotics behind the gas and brake pedals of the vehicle. One of the officers pulled back the floorboard carpet and found a bag containing four smaller bags of white powder, one smaller bag of ten pills, and one smaller bag of a black tar-like substance. Deputy Gagnon identified the pills as alprazolam and performed field tests on the white powder and black tar-like substance, identifying them as cocaine and heroin respectively.

Agent John Scott, Jr., a forensic scientist with the Tennessee Bureau of Investigation, testified at trial for the State as an expert in the identification of controlled substances. He tested the substances confiscated during the traffic stop on November 8, 2013, and authored a report documenting his findings. Agent Scott's analysis found 10 tablets of alprazolam, 1.09 grams of cocaine hydrochloride, 2.28 grams of cocaine base, 1.03 grams of marijuana, and 0.11 grams of heroin.

The State rested after calling Deputy Gagnon, Officer Johnson, and Agent Scott. The defendant then moved for acquittal, arguing he did not destroy evidence in violation of Tennessee Code Annotated section 36-16-503 because he spit the bag of marijuana out in the presence of law enforcement officers, and the officers were then able to retrieve

and test the marijuana. The defendant further argued the State did not prove he possessed cocaine, heroin, or alprazolam. The trial court denied the motion.

The defendant, who declined to testify at trial, called Dion Sanders and Christy Harper as witnesses and recalled Deputy Gagnon. Mr. Sanders was a passenger in the vehicle at the time of the stop and testified that the defendant fully cooperated with law enforcement officers during their investigation. He did not know there were drugs in the vehicle until he saw the defendant put a bag of marijuana in his mouth as they were being stopped by Deputy Gagnon. Mr. Sanders testified that this was the first time he had ridden in the vehicle with the defendant.

Ms. Harper owned the vehicle driven by the defendant at the time of the traffic stop. Ms. Harper purchased the vehicle from a friend for the defendant to drive. The vehicle was approximately thirteen years old at the time of purchase and remained in the friend's body shop for a prolonged period of time after purchase so interior repairs could be completed. Ms. Harper retrieved the vehicle from the auto body shop around October 20, 2013. Even though he had a suspended license, Ms. Harper permitted the defendant to drive the vehicle for the first time on November 8, 2013.

After the defense rested, the trial court held a jury charge conference. The defendant requested a jury instruction on renunciation, arguing he renounced any attempt to tamper with the evidence when he spit the bag of marijuana out of his mouth. The trial court denied the request. After hearing closing arguments and being charged, the jury returned the following verdict: Count 1, tampering with evidence, guilty; Count 2, possession of cocaine with intent to sell or deliver, not guilty; Count 3, simple possession of marijuana, guilty; Count 4, possession of heroin, not guilty; Count 5, simple possession of alprazolam, not guilty. At a subsequent sentencing hearing, the defendant received a twelve-year sentence for tampering with evidence and a concurrent eleven-month, twenty-nine day sentence for simple possession of marijuana. This timely appeal followed.

On appeal, the defendant argues the trial court erred by failing to instruct the jury on the affirmative defense of renunciation because the record contains insufficient evidence to support the trial court's apparent conclusion that the defendant did not abandon the concealment of the bag of marijuana when spitting it out of his mouth. The State submits that, based on *State v. Hawkins*, 406 S.W.3d 121 (Tenn. 2013) and *State v. Elahu Hill, Jr.*, No. W2015-00688-CCA-R3-CD, 2015 WL 6522834 (Tenn. Crim. App. Oct. 28, 2015), *no perm. app. filed*, the evidence was insufficient to support the defendant's conviction of tampering with evidence, so the conviction should be reversed and vacated. The defendant's conviction for simple possession of marijuana, however, should be affirmed. We agree with the State.

**Analysis**

*Sufficiency of the Evidence*

Defendant submits this issue for appellate review: "The Trial Court erred by failing to instruct the jury on the affirmative defense of renunciation." In support of this issue, the defendant argues:

> The record contains no substantial evidence to support the trial court's conclusion that Mr. Linsey did not abandon the concealment of the bag of marijuana as he made it readily available to law enforcement as soon as he was asked if there was any marijuana on him. The deputy testified that it appeared as if it was a green plant like substance and was eventually tested and verified that it was in fact marijuana. Though the substance was briefly concealed, it was in no way destroyed or altered within the meaning of the statute and therefore, the trial court erred in not allowing his defense of abandonment.

By arguing the he renounced or abandoned any attempt to tamper with evidence when he spit out the bag of marijuana in the presence of law enforcement, the defendant essentially challenges the sufficiency of the evidence to support his conviction for tampering with evidence, so we have treated his appeal as such. *See Hawkins*, 406 S.W.3d at 138.

When the sufficiency of the evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans,* 838 S.W.2d 185, 190-92 (Tenn. 1992); *State v. Anderson,* 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *See State v. Pappas,* 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973). Our Supreme Court has stated the rationale for this rule:

This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State,* 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn. 1982).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing *State v. Brown,* 551 S.W.2d 329, 331 (Tenn. 1977); *Farmer v. State,* 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes,* 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson,* 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell,* 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Dorantes,* 331 S.W.3d at 379 (citing *State v. Rice,* 184 S.W.3d 646, 662 (Tenn. 2006)). This Court, when considering the sufficiency of the evidence, shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id.*

Tennessee Code Annotated section 39-16-503(a)(1) sets forth the following definition of tampering with evidence:

(a)     It is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress to:

(1)     Alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]

Tenn. Code Ann. § 39-16-503(a)(1).

This statute requires the State to prove "timing, action, and intent" beyond a reasonable doubt. *Hawkins,* 406 S.W.3d at 132 (quoting *State v. Gonzales,* 2 P.3d 954, 957 (Utah Ct. App. 2000)). "The 'timing' element requires that the act be done *only after* the defendant forms a belief that an investigation or proceeding 'is pending or in progress.'" *Id.* (emphasis added); *see also State v. Smith,* 436 S.W.3d 751, 763 (Tenn. 2014). "The 'action' element requires alteration, destruction, or concealment." *Hawkins,* 406 S.W.3d at 132. To "conceal" a thing means "to prevent disclosure or recognition of" a thing or "to place [a thing] out of sight." *Id.* (citing *State v. Majors,* 318 S.W.3d 850, 859 (Tenn. 2010)). For "intent" to be established, the proof must show that through his actions, the defendant intended "to hinder the investigation or official proceeding by impairing the record's, document's or thing's 'verity, legibility, or availability as evidence.'" *Id.* (quoting Tenn. Code Ann. § 39-16-503(a)(1)). Tampering with evidence is a "specific intent" crime. *Id.* (internal citations omitted).

In *State v. Hawkins*, our Supreme Court considered whether abandonment of a piece of evidence satisfies the elements of evidence tampering and concluded that, if the abandoned evidence was not "altered or destroyed, and its discovery was delayed minimally, if at all[,]" the elements have not been met. *Id.* at 131, 138. When considering this issue of first impression, the court offered this analysis:

> In drug cases, for example, convictions for tampering by concealment have been upheld when a defendant swallows drugs and when a defendant flushes drugs down a toilet as police approach and the drugs are recovered. One defendant's conviction was upheld when he tossed the drugs out of his moving vehicle, kept driving for a half mile, and the drugs were never found. Another defendant's conviction was upheld when he tried to hide his drugs in one pocket of a billiards table.
>
> Conversely, in other drug cases involving alleged concealment, courts have found mere abandonment when a defendant hides drugs in his socks or his pocket, tosses drugs onto the roof of a garage while being pursued, drops drugs off a roof in view of police, or throws drug evidence over a wooden privacy fence while officers are in pursuit. Dropping a marijuana cigarette into a sewer is mere abandonment, but dropping soluble drugs down a sewer train could make them irretrievable and could support a tampering conviction. *Hiding drugs in one's mouth without successfully swallowing them also may not constitute tampering.*

*Id.* at 135 (emphasis added) (internal citations omitted). Our Supreme Court declined to adopt a stand-alone abandonment doctrine, because "[i]f the evidence is not actually altered, concealed, or destroyed," the elements of evidence tampering have not been met and "the application of a separate abandonment doctrine would be redundant." *Id.* at 138.

In *State v. Elahu Hill, Jr.*, this Court considered whether the evidence was sufficient to support a conviction for tampering with evidence where the defendant hid a bag of marijuana in his mouth during a traffic stop but later spit it out in the presence of the officers. *Hill*, 2015 WL 6522834, at *4. The bag was retrieved by the officers, sent to the crime lab, tested positive for marijuana, and used as evidence at trial. *Id.* Based on *State v. Hawkins*, this Court concluded the evidence presented was insufficient to support the defendant's conviction for tampering with evidence because the defendant had not "concealed" the marijuana within the meaning of the statute. *Id.*

Here, the tampering with evidence charge was based on the defendant's brief placement of a bag of marijuana in his mouth. Accordingly, the State was required to prove beyond a reasonable doubt that by placing the bag of marijuana in his mouth, the defendant intended to impair its availability as evidence in the police investigation or at trial. Deputy Gagnon admitted that the defendant spit a bag containing a green plant-like substance out of his mouth in plain view after being asked whether he possessed marijuana. Deputy Gagnon was able to retrieve the bag, and Agent Scott later identified it as 1.03 grams of marijuana. The bag of marijuana was then used as evidence against the defendant at trial. The defendant's actions in no way impaired the availability of the marijuana to be used as evidence. The bag of marijuana was not altered or destroyed, and its discovery was delayed minimally, if at all. Under the facts of this case, we conclude the evidence presented was insufficient to support the defendant's conviction for tampering with evidence. Therefore, we reverse and vacate the conviction.

While not directly challenged by the defendant, based on our review of the evidence, we find the evidence sufficient to support the defendant's conviction for simple possession of marijuana. To sustain a conviction for simple possession of marijuana, the State was required to show that the defendant knowingly possessed a controlled substance. Tenn. Code Ann. § 39-17-418(a). Marijuana is a Schedule VI controlled substance. Tenn. Code Ann. § 39-17-415(a)(1).

Deputy Gagnon testified that when he approached the vehicle driven by the defendant, he smelled burnt marijuana. Again, after asking the defendant if he had marijuana, the defendant spit a bag containing a green plant-like substance onto the ground in his presence. Agent Scott testified that the bag contained just over one gram of marijuana. When viewed in the light most favorable to the State, this evidence is more

than sufficient to support the defendant's conviction for simple possession of marijuana. This conviction is affirmed.

The defendant's issue regarding the renunciation jury instruction is pretermitted by our aforementioned disposition. Accordingly, we will not consider it at this time.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the judgment of conviction for simple possession of marijuana and reverse and vacate the judgment of conviction for tampering with evidence.

_____
J. ROSS DYER, JUDGE