IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 28, 2017, at Knoxville

**STATE OF TENNESSEE v. MILVERN HOSS, JR.**

**Appeal from the Circuit Court for Rutherford County**
**No. F-73615  David M. Bragg, Judge**

_____

**No. M2016-01937-CCA-R3-CD**

_____

Following a bench trial, the trial court found the defendant, Milvern Hoss, Jr., guilty of violating the requirements of the sexual offender registry due to his failure to report monthly, for which he received a sentence of four years of incarceration. On appeal, the defendant asserts the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 is unconstitutional in its application to him, and the trial court lacked sufficient evidence to sustain the conviction. Following our review of the record and pertinent authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT W. WEDEMEYER, J., joined.

Thomas E. Parkerson, Murfreesboro, Tennessee, for the appellant, Milvern James Hoss, Jr..

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Sara Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On June 4, 1992, the defendant pled guilty to aggravated sexual battery in the state of Kansas and received a sentence of three to ten years of incarceration. Kansas law did not require the defendant to register as a sexual offender in that state. The defendant was conditionally released on April 11, 1997, and his sentence expired on July 1, 2003.

After being released from prison in Kansas, the defendant moved to Tennessee in 2004 and was arrested for public intoxication in 2010. Prior to being released from jail, on June 9, 2010, the defendant registered as a violent sexual offender in Tennessee due to his prior Kansas conviction for aggravated sexual battery. When signing the registration form, the defendant acknowledged reading and understanding the registry's requirements. The defendant was released from jail the same day and was informed he had to report to the police department within forty-eight hours and update the registry with his new address.

The defendant failed to report to the police station as instructed, so in October 2011, Jennifer West, a detective with the Murfreesboro Police Department tasked with overseeing the sexual offender registry, obtained a warrant for the defendant's arrest. The defendant lived in Oregon at the time, where he registered as a sexual offender on June 15, 2012. The defendant was eventually arrested in Oregon as a fugitive and transferred back to Tennessee in October 2012. Based on the record before this Court, we are unsure as to the outcome of this charge.

The defendant first reported to Detective West on March 17, 2014, when he signed an instruction form that included the forty-eight hour reporting requirements, the requirement that "[a]ny offender who enters a plea of guilty or is adjudicated delinquent in any other state to a qualifying offense shall register or report in person with the designated law enforcement agency, by completing and signing a TBI Registration Form under penalty of perjury;" and the requirement that "offender[s] who are required to register or report as any type of sexual offender in another jurisdiction prior to their presence in this state, shall register or report in person with the designated law enforcement agency, by completing and signing a TBI Registration Form under the penalty of perjury." Detective West gave the defendant the opportunity to review the requirements in their entirety prior to their meeting, and she then individually discussed each directive during the meeting. The defendant was given the opportunity to ask questions, and the form contained an acknowledgement signed by the defendant indicating he read and understood the federal and state registration, verification, and tracking requirements.

On April 18, 2014, the defendant again checked in with Detective West and reported his address in Murfreesboro, Tennessee as "homeless." When signing the tracking form, the defendant wrote "UD" behind his name. According to the defendant, this meant "under duress" because he knew he would return to jail if he did not execute the form. At the same time, the defendant again signed an instruction form listing the

sexual offender reporting and registration requirements and acknowledging his understanding of them.

Due to his homeless status, Tennessee law required the defendant to report to Detective West monthly. Accordingly, he met with her on May 19, 2014, June 2, 2014, July 8, 2014, and August 15, 2014. Each time the information the defendant provided to the registry remained the same, and each time he was given the opportunity to ask questions regarding the requirements of the sexual offender registry. The defendant again signed an instruction form listing the requirements of the sexual offender registry and acknowledging his understanding of them. Most of the time the defendant included "UD," meaning "under duress," when signing or initialing his name. According to the defendant, he included "UD" because despite his belief the sexual offender law did not apply to him, he begrudgingly executed the forms in an effort to stay out of jail.

After August 15, 2014, the defendant quit reporting to Detective West. Authorities additionally discovered the defendant had been dishonest about his address and actually resided within 1000 feet of a school or park. As a result, on February 25, 2015, the defendant pled no contest to perjury and violating the requirements of the sexual offender registry and received an effective suspended sentence of two years. In addition, the defendant was to resume checking in with the reporting agency and pay a fine of $350.00. At that time, Jennifer Brittain, a probation and parole officer with the Tennessee Department of Corrections who supervises sexual offenders, received the defendant as a client. The defendant was required to report to Officer Brittain within forty-eight hours of his release from jail, yet failed to ever report to her. As a result, on April 1, 2015, Officer Brittain filed a revocation petition based on the defendant's violation of the sexual offender registry requirements. Following the execution of a bench warrant, the defendant could not be located at his last known address. The trial court held a revocation hearing on October 8, 2015, found the defendant to be in violation of the terms of his probation, and reinstated the defendant's original two year sentence.

During the bench trial in the present matter, the State called Detective West and Ms. Brittain to testify. After making a motion for judgment of acquittal, which the trial court denied, the defendant opted to testify. The defendant stated that he moved to Tennessee in 2004, and was arrested for public intoxication in Murfreesboro, Tennessee in 2010. On June 9, 2010, while in jail following his arrest for public intoxication, the defendant signed sexual offender registry documents under duress. The defendant then made extensive legal arguments regarding why, in his opinion, Tennessee Code Annotated section 40-39-208 is unconstitutional in its application to him. The defendant further testified that he signed all sexual offender registry forms while under the influence of alcohol and under duress, sometimes documenting his objection by adding "U.D." behind his signature. The defendant claimed he registered as a sexual offender in

Oregon as a result of "trickery" and confirmed he was never required to register as a sexual offender in Kansas.

The trial court found the defendant guilty of failing to comply with the requirements of the sexual offender registry and sentenced the defendant to four years of incarceration. The defendant subsequently filed a motion for new trial in which he challenged the sufficiency of the evidence to sustain his conviction. The trial court denied the motion. This timely appeal followed.

*Analysis*

The defendant appeals his conviction for violating the terms of the sexual offender registry after failing to timely report to Officer Brittain. Tennessee first mandated sexual offender registration in 1994, and the applicable statutes have since been amended multiple times. *See Ward v. State,* 315 S.W.3d 461, 467-68 (Tenn. 2010) (summarizing the background of Tennessee's sexual offender registration requirements). The current registration and reporting requirements applicable to convicted sexual and violent sexual offenders are set forth in the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 (the "Act"), codified by Tennessee Code Annotated section 40-39-201, *et seq*. The language of the Act "evinces a clear intent that the registration requirements be applied retroactively to any sexual offender." *Ward,* 315 S.W.3d at 467-68; citing Tenn. Code An. §§ 40-39-202(2), (27) & (28); 40-39-203(a)(2) & (j)(1) & (2).

The Act has been described as "a comprehensive statute requiring persons convicted of certain offenses to register with the [Tennessee Bureau of Investigation ("TBI")] and to have their names, addresses, and other information maintained in a central offender registry." *Stephen Strain v. Tennessee Bureau of Investigation*, No. M2007-01621-COA-R3-CV, 2009 WL 137210, at *2 (Tenn. Ct. App. Jan. 20, 2009); *see also* Tenn. Code Ann. § 40-39-201. Both sexual and violent sexual offenses mandate registration. Tenn. Code Ann. § 40-39-212. The Act includes mandatory requirements as to when, where, and how offenders register with the TBI. Tenn. Code Ann. § 40-39-203. Once included on the sexual offender registry, offenders must periodically report to their registering agency. Tenn. Code Ann. § 40-39-204. Offenders without a permanent home address are considered homeless and must report to their registering agency monthly. Tenn. Code Ann. § 40-39-204(g). The requirements of the Act apply not only to Tennessee convictions, but also to offenses "committed in another jurisdiction that would be classified as a sexual offense or a violent sexual offense, if committed in this state[.]" Tenn. Code Ann. § 40-39-202(2).

The General Assembly has declared the requirements of the Act to be necessary because "[s]exual offenders pose a high risk of engaging in further offenses after release from incarceration or commitment and protection of the public from these offenders is of paramount public interest[.]" Tenn. Code Ann. § 40-39-201(b)(1).  Therefore, the stated purpose of the Act is "[t]o protect the safety and general welfare of the people of this state," by providing for the "continued registration of offenders and for the public release of specified information regarding offenders."  Tenn. Code Ann. § 40-39-201(b)(6). "This policy of authorizing the release of necessary and relevant information about offenders to members of the general public is a means of assuring public protection" and not meant to be considered punitive. *Id*.

Violations of the Act include, but are not limited to, the following:

(1)  Failure of an offender to timely register or report;
(2)  Falsification of a TBI registration form;
(3)  Failure to timely disclose required information to the designated law enforcement agency;
(4)  Failure to sign a TBI registration form;
(5)  Failure to pay the annual administrative costs, if financially able;
(6)  Failure to timely disclose status as a sexual offender or violent sexual offender to the designated law enforcement agency upon reincarceration;
(7)  Failure to timely report to the designated law enforcement agency upon release after reincarceration;
(8)  Failure to timely report to the designated law enforcement agency following reentry in this state after deportation; and
(9)  Failure to timely report to the offender's designated law enforcement agency when the offender moves to another state.

Tenn. Code Ann. § 40-39-208(a)(1).  Knowing violation of the Act is a Class E felony. Tenn. Code Ann. § 40-39-208(a).  An offender "acts knowingly with respect to the conduct or circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist."  Tenn. Code Ann. § 39-11-302(b).  "The offender's signature on the TBI registration form creates the presumption that the offender has knowledge of the registration, verification and tracking requirements of [the Act]."  Tenn. Code Ann. § 40-39-203(l).

A.      *Ex Post Facto*

The defendant first asserts the Act, in its application to him, violates the *ex post facto* clauses of the Tennessee and United States constitutions because his Kansas conviction for aggravated sexual battery did not require him to register as a sexual

- 5 -

offender in that state, and he completed his sentence and the terms of his probation in Kansas prior to Tennessee's implementation of the current version of the Act in 2004. The State contends the defendant waived this argument by failing to raise it pretrial and in his motion for new trial, and the constitutionality challenge lacks merit. Addressing the *ex post facto* argument on its merits, we agree with the State. The Act is not unconstitutional in its application to the defendant.

At the outset, the State argues the defendant waived his constitutional challenge of the Act by failing to raise it pretrial and in his motion for a new trial. Instead, the defendant raised his constitutional challenge when he testified at the bench trial, and defense counsel raised the constitutional challenge again during closing arguments. Rather than object at trial on grounds of waiver, the State addressed the merits of the defendant's constitutional challenge and now raises its waiver argument for the first time on appeal.

There is conflicting authority as to whether a constitutional challenge of a statute is waived by failing to raise the issue in a pretrial motion. *See State v. Ronald Turner*, No. E2016-00651-CCA-R3-CD, 2017 WL 1830106, at *12-15 (Tenn. Crim. App. May 5, 2017) (summarizing Tennessee case law addressing the preservation of constitutional challenges for appeal and ultimately holding facially unconstitutional statutes are void on their face and need not be raised pretrial in order to preserve the issue for appeal). However, even when this Court has concluded constitutional challenges must be raised pretrial, it has also held the State waives a later waiver objection by failing to timely raise it. *See State v. William Jermaine Stripling*, No. E2015-01554-CCA-R3-CD, 2016 WL 3462134, at *5 (Tenn. Crim. App. June 16, 2016) (concluding the State waived its waiver argument because it did not object when the defendant challenged the constitutionality of a statute for the first time during the sentencing hearing and then did not raise waiver on appeal). Moreover, despite the State's assertion the defendant further waived his constitutionality argument by failing to raise it in his motion for a new trial, the filing of a motion for new trial is optional following a bench trial and not a prerequisite for appellate review. *See* Tenn. R. App. P. 3(e) (requiring a motion for new trial in order to preserve certain issues for appeal "in all cases tried by a jury"); *McCormic v. Smith*, 650 S.W.2d 804. 806 (Tenn. 1983). Accordingly, we address the defendant's assertion the Act violates *ex post facto* prohibitions on its merits.

The United States and Tennessee constitutions both prohibit *ex post facto* laws. U.S. Const. art. I, § 10, cl. 1; Tenn. Const. art. I, § 11. The Supreme Court of the United States and the Supreme Court of Tennessee "have adopted complementary constructions" of their *ex post facto* prohibitions despite the fact Tennessee's clause is broader than its federal counterpart. *Miller v. State*, 584 S.W.2d 758, 761 (Tenn. 1979); *Kaylor v. Bradley*, 912 S.W.2d 728, 731 (Tenn. Ct. App. 1995). "Every law that changes the

punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed" is an impermissible *ex post facto* law. *Calder v. Bull*, 3 U.S. 386, 390 (1798); *Miller*, 584 S.W.2d at 761. "The touchstone of [an *ex post facto*] inquiry is whether a given change in law presents a 'sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Peugh v. United States* 569 U.S. 530, 133 S.Ct. 2072, 2082 (2013) (quoting *Garner v. Jones,* 529 U.S. 244, 253 (2000)). Retroactive statutory schemes do not violate *ex post facto* prohibitions unless intended to be punitive or have punitive effects. *Smith v. Doe*, 538 U.S. 84, 92 (2003).

The Tennessee Supreme Court has established the following five categories of laws that violate the *ex post facto* clause of the Tennessee Constitution:

> 1. A law which provides for the infliction of punishment upon a person for an act done which, when it was committed, was innocent.
> 2. A law which aggravates a crime or makes it greater than when it was committed.
> 3. A law that changes the punishment or inflicts a greater punishment than the law annexed to the crime when it was committed.
> 4. A law that changes the rules of evidence and receives (sic) less or different testimony than was required at the time of the commission of the offense in order to convict the offender.
> 5. Every law which, in relation to the offense or its consequences, alters the situation of a person to his disadvantage.

*Miller*, 584 S.W.2d at 761.

The defendant challenges the constitutionality of the Act in its application to him. "As applied" constitutional challenges, like the one made by the defendant, presume the statute at issue is generally valid but unconstitutional in a specific application. *Waters v. Farr*, 291 S.W.3d 873, 921 (Tenn. 2009). Such challenges are analyzed on a case-by-case basis, and the challenging party must only show the statute is unconstitutional in its application to the specific facts and circumstances at issue. *Id*. at 921-23. "Issues of constitutional interpretation are questions of law, which we review de novo without any presumption of correctness." *Id*. at 882.

Here, the defendant asserts the registration and reporting requirements of the Act violate *ex post facto* prohibitions because he completed his sentence and the terms of his probation in Kansas prior to Tennessee's implementation of the current version of the Act, and Kansas law did not require him to register as a sexual offender after being convicted of aggravated sexual battery in that state. While the "language [of the Act] evinces a clear intent that the registration requirements be applied retroactively to any

sexual offender," those requirements are nonpunitive in nature because they do not affect the length, manner, or service of the offender's punishment. *Ward*, 315 S.W.3d at 472. As such, the retroactive nature of the sexual offender registry registration and reporting requirements do not violate *ex post facto* prohibitions. Based on *Ward* and the myriad opinions of this Court finding *ex post facto* challenges of the Act as applied to other factual scenarios meritless, this Court considers it well-settled that the basic registration requirements of the Act pass basic constitutional muster. *See State v. Ashley Marie Witwer*, No. M2014-00834-CCA-R3-CD, 2015 WL 1243131, at *7 (Tenn. Crim. App. March 16, 2015), *no perm. app. filed*.

Moreover, in *John Doe v. Mark Gwyn, Director of the Tennessee Bureau of Investigation, et al*, No. E2010-0134-COA-R3-CV, 2011 WL 1344996 (Tenn. Ct. App. April 8, 2011), *perm. app. denied* (Tenn. Aug. 24, 2011), the Tennessee Court of Appeals considered a similar "as applied" constitutional challenge. The plaintiff, who had prior criminal convictions in Kentucky and Ohio for sexual misconduct that at the time did not require him to register as a sexual offender in those states and occurred prior to Tennessee's passage of the Act, received notice in 2010 that due to his criminal history, he must register with the sexual offender registry. *Id*. at *1-2. The plaintiff filed a declaratory judgment action asserting the application of the Act to his circumstances resulted in a violation of his right against *ex post facto* laws. *Id*. at *8. The trial court disagreed and ordered the plaintiff to register with the TBI pursuant to the Act. *Id*. at *2.

On appeal, the Court of Appeals first noted the plaintiff "was not required to register by the State of Tennessee until 2007 when [the Act] was amended to provide that all sexual offenders and violent sexual offenders as defined by the [A]ct must register regardless of the date of conviction." *Id*. at *10; *see also* Tenn. Code Ann. § 40-39-203(j). Using the "intents-effects test" established by *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed. 2d 644 (1963), the court first considered whether the challenged statute addressed sentencing or established a civil proceeding. *Id*. at *10. Relying in part on the General Assembly's stated purpose of the Act and our Supreme Court's holding in *Ward*, the Court of Appeals concluded the Act established "a non-punitive regulatory framework to protect the safety and welfare of the citizens of this state." *Id*. at 13.

Moving on to second prong of the "intents-effects test," the court considered the following five factors, also set forth in *Kennedy v. Mendoza-Martinez,* when determining the effect of the statute:

> (1) in its necessary operation, whether the regulatory scheme has been regarded in our history and traditions as a punishment; (2) whether the regulatory scheme imposes an affirmative disability or restraint; (3)

whether the scheme promotes the traditional aims of punishment; (4) whether the scheme has a rational connection to a non-punitive purpose; or (5) whether the scheme is excessive with respect to this non-punitive purpose.

*Id*. at \*11 (internal citations omitted). With respect to the first factor, relying on *Ward*, the court held, "[C]ourts have overwhelmingly viewed sexual offender registry statutes as non-punitive." *Id*. at \*13. As to the second factor, the court found the plaintiff "failed to articulate how the registration requirements would uniquely impose a disability or restraint on him, as he must to sustain an 'as applied' challenge." *Id*. When considering whether the scheme promotes the traditional aims of punishment, the court found, "[T]he Act was enacted to protect the welfare of the people of Tennessee and not to further punish the offenders who are required to register." *Id*. Fourth, whether the registry as applied to the plaintiff had a rational connection to a non-punitive purpose, the court concluded "there is a clear and rational non-punitive interest in the State of Tennessee's desire to inform the public of [the plaintiff's] history of sexual offenses," as "the registry's aim is to provide the public with information that already exists in the public records so that members of the public may take whatever safeguards they deem appropriate," and the plaintiff did not show this non-punitive purpose could not apply to him. *Id*. at \*14. Finally, when considering whether the Act's registration requirements are excessive with respect to its non-punitive purpose, referencing the non-punitive purpose of the Act set forth in *Ward*, the court found the plaintiff did not state "any reasons why requiring him to register would be more excessive than for any of the other thousands of sexual offenders registered in Tennessee." *Id*. Based on this analysis, the Court of Appeals found the plaintiff failed to show the registration requirements of the Act, as applied to him, violated the *ex post facto* provisions of the Tennessee Constitution. *Id*.

The facts of this case warrant a similar conclusion. The Act lists aggravated sexual battery as a violent sexual offense, so the defendant was required to register as a sexual offender within forty-eight hours of establishing a residence here. *See* Tenn. Code Ann. §§ 40-39-202, 203. After registering on the sexual offender registry, as a homeless resident of Tennessee, the defendant was to report to Officer Brittain monthly. Tenn. Code Ann. § 40-39-204(g). Both the Act and interpreting case law make it clear the registration and reporting requirements of the Act are non-punitive and intended to protect the general welfare of this state. The defendant has not shown how his circumstances prevent this non-punitive purpose from applying to him, make the requirement more excessive than it would be for any other homeless resident of Tennessee, or imposed some unique disability or restraint on him. Accordingly, he is not entitled to relief on this issue.

- 9 -

## B.       Sufficiency of the Evidence

The defendant next challenges the sufficiency of the evidence to support his conviction for violating the Act, arguing the State did not prove the defendant knowingly violated the requirements of the sexual offender registry because the defendant testified he did not believe the reporting requirements applied to him and that he instead signed all documents under duress out of fear he would return to jail if he did not execute them. The State counters that, taken in the light most favorable to the State, the State presented more than enough evidence to sustain the defendant's conviction. Following our review of the record, submission of the parties, and applicable law, we agree with the State.

When a defendant challenges the sufficiency of the evidence on appeal, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Evans*, 838 S.W.2d 185, 190-91 (Tenn. 1992) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *See State v. Papas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Our Supreme Court has stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witness face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977); *Farmer v. State*, 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for

sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). The extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Id*. This Court, when considering the sufficiency of the evidence, shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id*.

A violation of the Act includes an offender's knowing failure to register with the sexual offender registry or report in accordance with the requirements of the Act. Tenn. Code Ann. 40-39-208(a)(1). An offender acts knowingly when he "is aware of the nature of the conduct" and, with respect to the result of his conduct, the offender "is aware that the conduct is reasonably certain to cause the result." Tenn. Code Ann. § 39-11-302(b). Pursuant to Tennessee Code Annotated section 40-39-203, "[t]he offender's signature on the TBI registration form creates the presumption that the offender has knowledge of the registration, verification and tracking requirements of this part." *Id*. § 40-39-203(l).

Here, the defendant was convicted of aggravated sexual battery in Kansas, an offense that is classified by the state of Tennessee as a violent sexual offense. *See* Tenn. Code Ann. § 40-39-202(31)(c). The defendant, therefore, had to register pursuant to the terms of the Act after moving to this state. *See* Tenn. Code Ann. § 40-39-202(2). Most recently, the defendant has been registered as a violent sexual offender in Tennessee since March 17, 2014. Because the defendant listed his address as "homeless," he was then required to report to Officer Brittain monthly. *See* Tenn. Code Ann. section 40-39-204(g). For five months, the defendant reported to Officer Brittain monthly as required by the Act. After August 15, 2014, however, the defendant simply quit reporting.

When the defendant signed the initial TBI registration form, he received the registration, verification, and tracking requirements of the Act, was given the opportunity to ask questions, and acknowledged his understanding of the Act's requirements. Each subsequent time the defendant reported to Officer Brittain, he again received the registration, verification, and tracking requirements of the Act, was given the opportunity to ask questions, and again acknowledged his understanding of the Act's requirements. On a minimum of six occasions, the defendant provided written acknowledgment that he was aware of and understood the requirements of the Act. Based on his signature on the

TBI registration and forms, the law presumes the defendant had knowledge of the registration, verification, and tracking requirements of the Act. Tenn. Code Ann. § 40-39-203(l); *see also State v. William Henry Wiggins*, No. M2010-02136-CCA-R3-CD, 2012 WL 2151502, at *3 (Tenn. Crim. App. June 14, 2012) (concluding the evidence was sufficient to establish the defendant knowingly failed to report as a violent sexual offender where the defendant signed three acknowledgment forms that included the reporting requirements).

The defendant's argument that despite his belief the Act did not apply to him, he signed the forms under duress out of fear that he would return to jail, is without merit. The defendant has not cited any law in support of this argument, and we have not found any. The defendant is not entitled to relief on this issue.

### *Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

 

_____
J. ROSS DYER, JUDGE