IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2018

## STATE OF TENNESSEE v. LINDA ANNE DUNAVANT

**Appeal from the Circuit Court for Tipton County**
No. 8718      Joe H. Walker, III, Judge

_____

### No. W2018-00068-CCA-R3-CD

_____

The Defendant, Linda Anne Dunavant, was convicted of aggravated assault and filing a false police report and sentenced, respectively, to terms of three years and two years, to be served concurrently. On appeal, she argues that the evidence was insufficient to sustain the conviction for aggravated assault, and that the court erred in sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

Matthew C. Edwards (on appeal), Bolivar, Tennessee, and Bo Burk, District Public Defender; and Melissa Downing (at trial), Assistant Public Defender, for the appellant, Linda Anne Dunavant.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The Defendant was convicted of aggravated assault, based upon admitting to Covington police officers that she had squirted lighter fluid, apparently mixed with Kool-Aid, on her sometimes boyfriend, which she then ignited, and for falsely claiming that the

victim had beaten her as well as squirted her with the lighter fluid/Kool-Aid mixture and ignited it.

Covington Police Officer Colton Hutcheson testified that on August 2, 2014, officers had responded to a domestic assault call from the Defendant's residence. She told responding officers that the victim had beaten and strangled her and sprayed her with a lighter fluid/Kool Aid mixture, which he then ignited. Although officers observed injuries to the Defendant's body, consistent with her having been beaten, they did not see or smell lighter fluid. However, what appeared to be Kool-Aid was spilled around the kitchen. Officers spoke with the Defendant the following morning, and she said the victim had returned to her house and hit her. Officers observed that the Defendant had a new black eye. Later, officers located the victim asleep at the Defendant's residence. He denied all of the Defendant's claims that he had struck her or tried to ignite her.

Covington Police Detective Rodney McCurry and Deputy Chief of Police Allen Wilson testified that on April 1 and April 28, 2016, they interviewed the Defendant about unrelated matters. She admitted to them that she had earlier lied about the victim trying to burn her. She continued that just the opposite was true; she had tried to burn the victim using lighter fluid. She said that she had sprayed it on the victim's chest area. She said her reason for doing so was that she wanted him to leave her house.

## ANALYSIS

We will review the issues presented on appeal by the Defendant.

### I. Sufficiency of the Evidence

When the sufficiency of the evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court has stated the rationale for this rule:

This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 405 S.W.2d 768, 771 (Tenn. 1966) (citing Carroll v. State, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)). This court, when considering the sufficiency of the evidence, shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. Id.

To sustain the convictions for aggravated assault, the State had to prove that the Defendant intentionally or knowingly, by using or displaying a deadly weapon, caused the victims to reasonably fear imminent bodily injury. Tenn. Code Ann. §§ 39-13-101(a)(2), -102(a)(1)(A)(iii). The Defendant was convicted of aggravated assault, with the State alleging that she utilized a deadly weapon, to wit: an accelerant and fire.

According to the testimony of the victim, the Defendant squirted lighter fluid on him and attempted to ignite it. In fact, the Defendant admitted to Detective McCurry and

Deputy Chief Wilson that she had been the aggressor in this regard. Without question, lighter fluid is a dangerous substance. See State v. John William Gay, No. E2007-02466-CCA-R3-CD, 2008 WL 4830722 (Tenn. Crim. App. Nov. 6, 2008) perm. app. denied (Tenn. Mar. 16, 2009) (defendant convicted of reckless endangerment with a deadly weapon and aggravated assault for attempting to ignite lighter fluid sprayed on and around the intended victim).

## II. Sentencing

It is not entirely clear from the Defendant's appellate brief what her specific complaints are regarding her sentence, except that it is too lengthy. However, since the record on appeal does not include a transcript of the sentencing hearing, we are unable to review the sentencing decision. See Tenn. R. App. P. 13(c), 24(a) and (b); State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). Accordingly, this issue is waived. See Tenn. R. App. P. 27(a)(4)(7) and Tenn. Ct. Crim. App. R. 10(b).

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE