IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2019

**STATE OF TENNESSEE v. RICKEY DRIVER**

**Appeal from the Circuit Court for Fayette County**
**No. 2017-CR-198   J. Weber McCraw, Judge**

_____

**No. W2018-02114-CCA-R3-CD**

_____

A Fayette County jury convicted the defendant, Rickey Driver, of violating the requirements of the sexual offender registry due to his failure to report during 2016. The trial court imposed a six-year sentence which was suspended after 120 days of service. On appeal, the defendant challenges the sufficiency of the evidence supporting his conviction. Following our review of the record and pertinent authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Matthew C. Edwards, Bolivar, Tennessee, for the appellant, Rickey Driver.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Dekcer, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Falen Chandler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In November 2017, the defendant was indicted for failing to comply with the requirements of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("the Act") due to his failure to report in 2016.[1] Initially, the defendant wanted to proceed pro se. However, during a

_____

[1] The original indictment was amended to include the underlying conviction which placed the defendant on the Tennessee sexual offender registry.

pre-trial hearing, the defendant requested the trial court appoint an attorney to represent him. After the appointment of counsel, the defendant proceeded to trial on April 30, 2017. The State presented the following facts to the jury.

On May 20, 1983, the defendant pled guilty to assault with the intent to commit rape in the criminal court of Shelby County, Tennessee. He received a three-year sentence which expired on January 18, 1986.[2] The defendant remained a resident of Tennessee and as such, was required to register as a sexual offender after the enactment of the Act. The defendant first registered with Tennessee's sexual offender registry ("SOR") on August 30, 2012. In doing so, he signed an instruction form which detailed the reporting requirements and an acknowledgment indicating he read and understood the federal and state registration, verification, and tracking requirements. The instruction form specifically noted sexual offenders "shall report once a year within 7 days before and 7 days after the offender's birthday." After his initial registration, the defendant subsequently signed the instruction form and acknowledgment on September 13, 2012,[3] April 3, 2014, April 7, 2016, and August 8, 2017.

Carrie Thigpen, the Fayette County sex offender registry officer, detailed the defendant's SOR records at trial. Officer Thigpen testified the defendant is classified as a sexual offender who is required to report to the Fayette County Sheriff's Office each year between May 8 and May 22, as the defendant was born on May 15, 1959.[4] In 2016, Ms. Thigpen personally explained the reporting requirements to the defendant and witnessed him sign the instruction form and acknowledgment. After doing so, however, the defendant failed to report in May 2016, a capias was issued, and the defendant was arrested for his present charge on July 4, 2016.

After the State rested its case, the defendant did not present any proof, and the jury convicted him of violating the sex offender registry due to his failure to report in May 2016. The trial court imposed a suspended sentence of six years after 120 days of service in the Tennessee Department of Correction. The defendant filed a motion for new trial which was denied by the trial court, and this timely appeal followed.

---

[2] More specifically, the trial court imposed a suspended three-year sentence which it ultimately revoked on December 18, 1985. The trial court ordered the defendant to serve the remainder of his sentence in the Shelby County Correction Center. After the defendant's sentence expired on January 18, 1986, he served an additional six months of probation which ended on July 18, 1986.

[3] The form was revised on September 5, 2012, presumably warranting an additional signature from the defendant in 2012.

[4] The record indicates the defendant was initially misclassified as a violent sexual offender which was corrected in 2014 by the Tennessee Bureau of Investigation.

*Analysis*

The defendant challenges the sufficiency of the evidence supporting his conviction for violating the Act, arguing the State did not prove the defendant knowingly violated the requirements of the sexual offender registry because the State initially misclassified him as a violent sexual offender and "the State's inconsistency in enforcing the SOR laws[] did nothing more than create more confusion as to when the [defendant] was required to register." The defendant also suggests the record indicates he "does not understand the law or legal procedure" and accordingly, "it is unlikely that he understands the requirements set forth in [the Act]." The State contends sufficient evidence exists to support the defendant's conviction, including the defendant's SOR records and Ms. Thigpen's testimony. Upon our review, we agree with the State.

When a defendant challenges the sufficiency of the evidence on appeal, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Evans*, 838 S.W.2d 185, 190-91 (Tenn. 1992) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *See State v. Papas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Our Supreme Court has stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witness face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews*, 805 S.W.2d

776, 779 (Tenn. Crim. App. 1990) (citing *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977); *Farmer v. State*, 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). The extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Id*. This Court, when considering the sufficiency of the evidence, shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id*.

The defendant appeals his conviction for violating the terms of the sexual offender registry for failing to timely report to Officer Thigpen in May 2016. Tennessee first mandated sexual offender registration in 1994, and the applicable statutes have since been amended multiple times. *See Ward v. State*, 315 S.W.3d 461, 467-68 (Tenn. 2010) (summarizing the background of Tennessee's sexual offender registration requirements). The current registration and reporting requirements applicable to convicted sexual and violent sexual offenders are set forth in the Act, codified by Tennessee Code Annotated section 40-39-201, *et seq*. The language of the Act "evinces a clear intent that the registration requirements be applied retroactively to any sexual offender." *Ward*, 315 S.W.3d at 467-68; citing Tenn. Code An. §§ 40-39-202(2), (27) & (28); 40-39-203(a)(2) & (j)(1) & (2).

The Act has been described as "a comprehensive statute requiring persons convicted of certain offenses to register with the [Tennessee Bureau of Investigation ("TBI")] and to have their names, addresses, and other information maintained in a central offender registry." *Stephen Strain v. Tennessee Bureau of Investigation*, No. M2007-01621-COA-R3-CV, 2009 WL 137210, at *2 (Tenn. Ct. App. Jan. 20, 2009); *see also* Tenn. Code Ann. § 40-39-201. Both sexual and violent sexual offenses mandate registration. Tenn. Code Ann. § 40-39-212. The Act includes mandatory requirements as to when, where, and how offenders register with the TBI. Tenn. Code Ann. § 40-39-203. Once included on the sexual offender registry, offenders must periodically report to their registering agency. Tenn. Code Ann. § 40-39-204. All sexual offenders must report yearly and "in person, no earlier than seven (7) calendar days before and no later than seven (7) calendar days after the offender's date of birth, to the designated law enforcement agency . . .." Tenn. Code Ann. § 40-39-204 (c).

- 4 -

A violation of the Act includes an offender's knowing failure to register with the sexual offender registry or report in accordance with the requirements of the Act. Tenn. Code Ann. 40-39-208 (a)(1). Knowing violation of the Act is a Class E felony. Tenn. Code Ann. § 40-39-208 (a). An offender acts knowingly when he "is aware of the nature of the conduct" and, with respect to the result of his conduct, the offender "is aware that the conduct is reasonably certain to cause the result." Tenn. Code Ann. § 39-11-302 (b). Pursuant to Tennessee Code Annotated section 40-39-203, "[t]he offender's signature on the TBI registration form creates the presumption that the offender has knowledge of the registration, verification and tracking requirements of this part." *Id*. § 40-39-203 (l).

Here, the defendant was convicted of assault with the intent to commit rape in 1983, an offense that is classified by the state of Tennessee as a sexual offense. *See* Tenn. Code Ann. § 40-39-202 (20)(B)(iii). As a result, the defendant was required to register under the Act as a sexual offender and to report yearly either seven days before or seven days after his birthday. Tenn. Code Ann. §§ 40-39-202 (19); -204 (c). The defendant was born on May 15, 1959, and in order to comply with the Act, he was required to report to the Fayette County Sheriff's Office between May 8 and May 22 each year. Officer Thigpen testified the defendant failed to report in May 2016, and the defendant concedes the same.

The defendant argues he did not knowingly violate the Act, but the record disagrees. The defendant first complied with the registration requirements of the Act in 2012. At that time, he received the registration, verification, and tracking requirements of the Act and acknowledged his understanding of the Act's requirements. When the defendant signed the registration form on April 7, 2016, he again received the registration, verification, and tracking requirements of the Act and again acknowledged his understanding of the Act's requirements. Based upon his signature on the TBI registration and forms, the law presumes the defendant had knowledge of the registration, verification, and tracking requirements of the Act. Tenn. Code Ann. § 40-39-203 (l); *see also State v. William Henry Wiggins*, No. M2010-02136-CCA-R3-CD, 2012 WL 2151502, at *3 (Tenn. Crim. App. June 14, 2012) (concluding the evidence was sufficient to establish the defendant knowingly failed to report as a violent sexual offender where the defendant signed three acknowledgment forms that included the reporting requirements). Accordingly, the defendant's arguments, that he does not understand legal procedure and he was confused about his reporting requirements, are without merit. The record makes clear, and the defendant concedes, that the defendant failed to report in 2016 as required under the Act. The defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE